IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AARON OBEGINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-007 |
| | ) | |
| SERGEANT BEATTIE; MRS. HARDY; | ) | |
| NURSE HATTIE; SGT. GREER, Unit | ) | |
| Manager; OFFICER WEST; CORPORAL | ) | |
| WATSON, Deputy Warden; LAKISHA | ) | |
| FRANKLIN, Deputy Warden; SHERIFF'S | ) | |
| CPL. FORD, Building Officer; and DR. | ) | |
| CHAVEZ, Lead Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Washington State Prison in Davisboro, Georgia, is proceeding *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 17.) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's amended

complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice and Plaintiff's motion for reconsideration, (doc. no. 16), motion for extension to comply, (doc. no. 18), motion for service of summons and complaint, (doc. no. 20), motion for injunctive relief, (doc. no. 21), third motion for appointment of counsel, (doc. no. 22), and motion for a temporary restraining order, (doc. no. 23), be **DENIED** as **MOOT**.

**I.     BACKGROUND**

Plaintiff names as Defendants in his amended complaint: (1) Sgt. Greer; (2) Mrs. Hardy; (3) Sgt. Beattie; and (4) Cpl. Watson. (Doc. no. 17, p. 1.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges on July 3, 2021, he was "raped by fellow inmates housed in my [Plaintiff's] dorm." (Id. at 12.)  Before the incident, the on-duty officer left the building, allowing the crime to occur unnoticed. (Id.)  Following the incident, Plaintiff filed a P.R.E.A. charge and informed Sgt. Beattie and Mrs. Hardy of the rape.  Sgt. Beattie and Mrs. Hardy "didn't care and arrested [Plaintiff] instead, charging [him] with a disciplinary report." (Id.)  Sgt. Beattie and Mrs. Hardy refused Plaintiff's immediate request for a rape kit. (Id.)  Plaintiff continued experiencing frustration over the rape kit denial, despite four separate medical request forms "over an eight day period" seeking medical attention. (Id.)  Ultimately on July 12, nine days after the initial incident, Plaintiff received a medical examination. (Id.)

While held in segregation, Lead Investigator Chavez interviewed Plaintiff concerning the incident and Plaintiff's placement in segregation. (Id.)  Plaintiff could not obtain any contact information for Investigator Chavez and had his mail to Investigator Chavez returned.

2

(Id.) Plaintiff has not heard anything from Investigator Chavez since their interview. (Id.) Plaintiff additionally claims Washington State Prison is frustrating the civil rights of prisoners "while profiting from exploiting their rapes by having a building set-aside for streaming rapes of prisoners." (Id. at 13.) This includes "discarding the rape statement like others before [Plaintiff]." (Id. at 14.) Plaintiff experienced physical injuries stemming from the rape and seeks monetary damages from each defendant in both their individual and official capacities. (Id. at 5)

## II. DISCUSSION

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh

Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera 144 F.3d at 721-27.

To that end, the form complaint Plaintiff used to commence this case was the "Complaint for Violation of Civil Rights (Prisoner)," which requires that prisoner plaintiffs disclose: (1) whether, to the best of a plaintiff's knowledge, a plaintiff has had a case dismissed based on the "three strikes rule", (2) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (3) whether they have brought any federal or state lawsuits otherwise relating to the conditions of imprisonment, and (4) the disposition of any such lawsuits. (Doc. no. 17, pp. 8-11.) Under these questions, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the judge hearing the case, the date of filing and disposition, and whether the case is still pending. (Id.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

Here, under penalty of perjury, Plaintiff disclosed only some of his prior cases. (Id. at 8-10.) The Court is aware of several other cases Plaintiff filed which he failed to disclose: Obeginski v. Lanier, 1:18-CV-132-LAG-TQL (M.D. Ga. Sept. 11, 2018) (dismissed under the three strikes rule); Obeginski v. Hegwood, 16-10822-G (11th Cir. Nov. 8, 2016) (dismissed appeal as frivolous); and Obeginski v. Cox, 11-11612-D (11th Cir. Dec. 22, 2011) (same).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

4

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a

5

sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about filing other federal lawsuits were blatantly dishonest, and this case should be dismissed without prejudice as a sanction for abusing the judicial process.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction and Plaintiff's motion for reconsideration, (doc. no. 16), motion for extension to comply, (doc. no. 18), motion for service of summons and complaint, (doc. no. 20), motion for injunctive relief, (doc. no. 21), third motion for appointment of counsel, (doc. no. 22), and motion for a temporary restraining order, (doc. no. 23), be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 13th day of June, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA